UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

THOMAS SMITH                    ]
    Petitioner,                 ]
                                ]
v.                              ]          No. 3:04-0775
                                ]          Judge Nixon
JACK MORGAN, WARDEN             ]
    Respondent.                 ]

MEMORANDUM

The petitioner, proceeding *pro se*, is an inmate at the Brushy Mountain Correctional Complex in Wartburg, Tennessee. He brings this action pursuant to 28 U.S.C. § 2254 against Jack Morgan, Warden of the facility, seeking a writ of habeas corpus.

In October, 1997, a jury in Robertson County found the petitioner guilty of possessing cocaine with the intent to sell within one thousand (1000) feet of a school and simple possession of marijuana. Under the Drug-Free School Zone Act, Tenn. Code Ann. § 39-17-432, the petitioner's cocaine conviction was upgraded from a Class B to a Class A felony. For these crimes, he received an aggregate sentence of sixty (60) years in prison.[1]

On direct appeal, the petitioner only challenged the validity of the cocaine conviction. He did not attempt to disturb the marijuana conviction. The Tennessee Court of Criminal Appeals affirmed the conviction (Docket Entry No. 15; Addendum No. 4). State v. Smith, 48 S.W.3d 159

---

[1] The petitioner's sentence was further enhanced after it was determined that he was a career offender with at least seven prior drug related convictions.

1

(Tenn. Crim. App. 2000). A subsequent application for further review was denied by the Tennessee Supreme Court (Docket Entry No. 15; Addendum No. 7).

A *pro se* petition for state post-conviction relief was then filed in the Criminal Court of Robertson County (Docket Entry No. 15; Addenda Nos. 9 and 13). Following the appointment of counsel and an evidentiary hearing, the trial court granted the petition (Docket Entry No. 15; Addendum No. 10).[2] The state filed an appeal of this ruling. The Tennessee Court of Criminal Appeals reversed the judgment awarding the petitioner post-conviction relief (Docket Entry No. 15; Addendum No. 15). Once again, the Tennessee Supreme Court denied petitioner's application for further review (Docket Entry No. 15; Addendum No. 18).

On July 13, 2004, the petitioner filed the instant petition (Docket Entry No. 3) for writ of habeas corpus.[3] When liberally construing the petition and the Memorandum of Law (Docket Entry No. 4) in support of the petition, the Court gleans six claims for relief.[4] These claims include:

(1) the Drug-Free School Zone Act, codified as Tenn. Code Ann. § 39-17-432, is unconstitutionally vague, overbroad, and excessive in punishment;

(2) the trial judge erred when he orally gave the jury a

---

[2] The post-conviction petition was granted solely on the issue of the failure of the trial judge to memorialize a supplemental jury instruction. Docket Entry No. 15; Addendum No. 10.

[3] The petition was originally filed in the United States District Court for the Eastern District of Tennessee. By an order (Docket Entry No. 5) entered August 13, 2004, it was transferred to this judicial district.

[4] Unfortunately, the petitioner did not specifically identify his claims in the petition. Instead, he simply referred to those claims that had been raised in the state courts. Docket Entry No. 3 at pg. 12. Therefore, the claims identified above are a combination of claims he raised in the state courts and those that have been specifically mentioned in a Memorandum (Docket Entry No. 4) that accompanied the petition.

2

|   | supplemental instruction but neglected to reduce the instruction to writing; |
|---|---|
| (3) | the petitioner was denied the effective assistance of counsel when his attorneys failed to preserve for appellate review a supplemental jury instruction issue[5]; |
| (4) | the petitioner's sentence is disproportionate to other more serious crimes such as child molestation and second degree murder; |
| (5) | the petitioner was illegally sentenced under Tennessee law; and |
| (6) | the petitioner was denied the effective assistance of counsel when his attorney failed to file a motion to suppress the drugs found on him.[6] |

Upon its receipt, the Court reviewed the petition and determined that the petitioner had stated a colorable claim for relief. Accordingly, an order (Docket Entry No. 7) was entered directing the respondent to file an answer, plead or otherwise respond to the petition. Rule 4, Rules - - - § 2254 Cases.

Presently pending before the Court are the petition, respondent's Motion to Dismiss the petition (Docket Entry No. 14) and petitioner's Traverse/Reply to the Motion to Dismiss (Docket Entry No. 21). Upon consideration of these pleadings and the expanded record, it appears that an evidentiary hearing is not needed in this matter. See <u>Smith v. United States</u>, 348 F.3d 545, 550

---

[5] At trial, the petitioner was represented by Michael Pickering, a member of the Sumner County Bar. On direct appeal and later on post-conviction, the petitioner was represented by Gregory Smith, a member of the Montgomery County Bar.

[6] The petitioner had also alleged that counsel were ineffective for neglecting to challenge the sufficiency of the evidence. This claim, however, was abandoned by the petitioner. See Docket Entry Nos. 19 and 21 at pg. 4.

3

(6th Cir. 2003)(an evidentiary hearing is not required when the record conclusively shows that the petitioner is entitled to no relief). Therefore, the Court shall dispose of the petition as the law and justice require. Rule 8(a), Rules - - - § 2254 Cases.

A petition for federal habeas corpus relief may only be granted when it is found that a citizen is in custody in violation of the Constitution or laws of the United States. 28 U.S.C. § 2254(a); Pulley v. Harris, 465 U.S. 37, 104 S.Ct. 871, 875, 79 L.Ed.2d 29 (1984). Because federal habeas corpus relief is only available to remedy errors of a federal nature, a claim that a conviction is the result of a state court's misapplication of state law is not cognizable unless the petitioner can establish that the error deprived him of a fundamentally fair trial. Porter v. Estelle, 709 F.2d 944, 957 (5th Cir. 1983), cert. denied sub nom, Porter v. McKaskle, 466 U.S. 984, 104 S.Ct. 2367, 80 L.Ed.2d 838 (1984).

The petitioner claims that the trial judge failed to memorialize the supplemental jury instruction as required by state law (Claim No. 2). This issue arises solely from the alleged violation of state law and in no way implicates a federal constitutional deprivation. The petitioner has offered no explanation as to how the failure to memorialize the supplemental jury instruction infringed upon his right to a fundamentally fair trial. Consequently, this claim will not support an award of federal habeas corpus relief.

A federal district court will not entertain a petition for writ of habeas corpus unless the petitioner has first exhausted all available state court remedies for each claim in his petition. Cohen v. Tate, 779 F.2d 1181, 1184 (6th Cir.1985). While exhaustion is not a jurisdictional requirement, it is a strictly enforced doctrine which promotes comity between the states and federal government by giving the state an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights. Granberry v. Greer, 481 U.S. 129, 107 S.Ct. 1671,

1674-1675, 95 L.Ed.2d 119 (1987). Thus, as a condition precedent to seeking federal habeas corpus relief, the petitioner is required to fairly present his claims to the state courts. Rose v. Lundy, 455 U.S. 509, 522, 102 S.Ct. 1198, 1205, 71 L.Ed.2d 379 (1982). Once his federal claims have been raised in the highest state court available, the exhaustion requirement is satisfied, even if that court refused to consider the claims. Manning v. Alexander, 912 F.2d 878, 883 (6th Cir. 1990).

The petitioner alleges that his sentence is both disproportionate (Claim No. 4) and illegal (Claim No. 5). A review of the record shows that these issues were never offered to the state courts at any level for consideration. See Docket Entry No. 15; Addenda Nos. 1, 5, 14 and 16. To properly satisfy the exhaustion requirement, claims must be fairly presented to every level of the state court system for consideration. Doctor v. Walters, 96 F.3d 675, 678 (3rd Cir.1996). In the case of those claims that were never presented to the state courts, the petitioner has obviously failed to satisfy the exhaustion requirement prior to the filing of this action. Unfortunately, at this late date, it appears that state court remedies for these claims are no longer available. See Tenn. Code Ann. § 40-30-202(a). Thus, by way of procedural default, the petitioner has technically met the exhaustion requirement with respect to these claims. Alley v. Bell, 307 F.3d 380, 385 (6th Cir. 2002)(if an unexhausted claim would be procedurally barred under state law, that claim is procedurally defaulted for purposes of federal habeas corpus review).

Nevertheless, to prevent a federal habeas corpus petitioner from circumventing the exhaustion requirement in such a manner, the Supreme Court has held that a petitioner who fails to comply with state rules of procedure governing the timely presentation of federal constitutional issues forfeits the right to federal review of those issues, absent cause for the noncompliance and some showing of actual prejudice resulting from the alleged constitutional

5

violations. Wainwright v. Sykes, 443 U.S. 72, 84, 97 S.Ct. 2497, 2505, 53 L.Ed.2d 594 (1977); Engle v. Isaac, 456 U.S. 107, 129, 102 S.Ct. 1558, 1573, 71 L.Ed.2d 783 (1982).

In this instance, the petitioner has failed to properly exhaust his state court remedies for these claims. The petitioner has pled neither cause nor prejudice to explain why these claims were not offered to every level of the state court system for consideration. They would, therefore, appear to be procedurally defaulted. Of course, even in the absence of cause and prejudice, a procedural default may be excused when review of a petitioner's claims is necessary to correct a fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); Murray v. Carrier, 477 U.S. 478, 106 S.Ct. 2639, 2649-50, 91 L.Ed.2d 397 (1986). A fundamental miscarriage of justice occurs when a constitutional violation has probably led to the conviction of one who is actually innocent. Murray, supra. Here, the petitioner has offered nothing to place his guilt in doubt. Consequently, the Court finds that the petitioner has forfeited his right to federal review of those claims that were never presented to the state courts.

The petitioner's remaining claims (Claim Nos. 1, 3 and 6) were fully litigated in the state courts and were found to be lacking in merit. When a claim has been adjudicated on the merits in state court, the state court adjudication will not be disturbed unless it resulted in a decision contrary to clearly established federal law or involved an unreasonable application of federal law in light of the evidence. 28 U.S.C. § 2254(d); Nevers v. Killinger, 169 F.3d 352, 357 (6th Cir. 1999). In order for a state adjudication to run "contrary to" clearly established federal law, the state court must arrive at a conclusion opposite to that reached by the United States Supreme Court on a question of law or decide a case differently than the United States Supreme Court on a set of materially indistinguishable facts. To grant the writ for an "unreasonable application" of

6

federal law, the petitioner must show that the state court identified the correct governing legal principle involved but unreasonably applied that principle to the facts of the case. <u>Williams v. Taylor</u>, 529 U.S. 362, 120 S.Ct. 1495, 1523, 146 L.Ed.2d 389 (2000). In short, state court judgments must be upheld unless, after an examination of the state court judgment, the Court is firmly convinced that a federal constitutional right has been violated. <u>Id</u>., at 120 S.Ct. 1511.

The petitioner has offered no clear and convincing evidence to rebut the presumption of correctness that must be accorded the factual findings made by the state courts. 28 U.S.C. § 2254(e)(1). Nor has the petitioner demonstrated in what way the legal rationale of the state courts runs contrary to federal law. Therefore, having carefully reviewed the record, it appears that the state court adjudication of petitioner's remaining claims was neither contrary to nor an unreasonable application of federal law. Consequently, these claims will not support an award of habeas corpus relief.

In the absence of an actionable claim, the Court finds merit in respondent's Motion to Dismiss. Accordingly, said motion shall be granted and this action will be dismissed.

An appropriate order will be entered.

                                                           John T. Nixon
                                                          Senior District Judge